**Miguel A. RIVERA, Appellant**

v.

**William CARR, et al., Appellees**

**No. 15-5340**
**September Term, 2016**

United States Court of Appeals, District of Columbia Circuit.

Filed: 11/09/2016

Miguel A. Rivera, Pro Se.

Warden (Devens), Federal Medical Center, Devens, Ayer, MA, for Plaintiff–Appellant.

Damon Taaffe, R. Craig Lawrence, U.S. Attorney's Office (USA), Civil Division, Washington, DC, for Defendants–Appellees.

BEFORE: Rogers, Srinivasan, and Wilkins, Circuit Judges

## ORDER

Per Curiam

Upon consideration of the motion for summary affirmance, the opposition thereto, and the reply, it is

**ORDERED** that the motion for summary affirmance be granted. The merits of the parties' positions are so clear as to warrant summary action. See Taxpayers Watchdog, Inc. v. Stanley, 819 F.2d 294, 297 (D.C. Cir. 1987) (per curiam). Appellant's complaint failed to state an equal protection claim upon which relief can be granted. See Fed. R. Civ. Pro. 12(b)(6). Appellees have shown there is a rational basis for the decision to give retroactive effect to Amendment 599 to the U.S. Sentencing Guidelines Manual and not give

the same effect to Amendment 674. See, e.g., Heller v. Doe, 509 U.S. 312, 320, 113 S.Ct. 2637, 125 L.Ed.2d 257 (1993). Appellees could have rationally concluded that offenders who were sentenced under the Armed Career Criminal Act, 18 U.S.C. § 924(e), and would benefit from Amendment 674 if it were made retroactive were less deserving of having their sentences reduced than other recidivist offenders without the same criminal history who would benefit from Amendment 599 if it were made retroactive.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.